## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROMERIO La'TEE WALKER,

      Petitioner,

-vs-

                                    CASE NO. 8:13-CV-3034-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

### ORDER

      Before the Court is Petitioner's "Motion for Order Vacating Sentence and Judgment" (Dkt. 12) and Respondent's "Motion for Extension of Time" (Dkt. 14). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). In a December 17, 2013 order, the Court directed Respondent to file a response to the petition within sixty (60) days (Dkt. 7). Respondent's motion for extension of time to respond (Dkt. 10) was granted and Respondent was directed to respond to the petition on or before March 11, 2014 (Dkt. 13). Respondent filed a second motion for extension of time on March 11, 2014 (Dkt. 14).

      Petitioner asserts that because Respondent did not respond within sixty (60) days of the December 17, 2013 order, his habeas petition must be granted.[1] Based on the content of the motion

---

[1]Petitioner's motion was filed on February 19, 2014 (Dkt. 12); the order granting Respondent's motion for extension of time was signed on February 19, 2014, and filed on February 20, 2014 (Dkt. 13). Therefore, Petitioner would not have received the order granting Respondent's motion for extension of time when he filed the instant motion.

and the relief requested, it is construed as a motion for default. The motion is denied. Respondent requested and received an extension of time to respond on or before March 11, 2014. On that date, Respondent filed another motion for extension of time to respond. Upon consideration, Respondent's motion for extension of time is granted.

Respondent has not failed to timely respond to Petitioner's habeas petition. Moreover, any failure to file a timely response would not warrant granting the petition. *See, e.g., Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a default judgment is not contemplated in habeas corpus cases); *Goodman v. Keohane*, 663 F.2d 1044, 1048 n.4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief).

Accordingly, it is **ORDERED** that Petitioner's "Motion for Order Vacating Sentence and Judgment" (Dkt. 12) is **DENIED**. It is further **ORDERED** that Respondent's "Motion for Extension of Time" (Dkt. 14) is **GRANTED**. Respondent shall file a response on or before March 31, 2014.

    **DONE AND ORDERED** at Tampa, Florida on _____ March 17 _____, 2014.

                THOMAS G. WILSON
                United States Magistrate Judge

SA:mcl
Copies to: Petitioner *pro se*
           Counsel of Record